This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LUIS ANGEL MORENO GONZALEZ,**

Worker-Appellant,

v.                                                                      **NO. 32,649**

**WAL-MART ASSOCIATES, INC., and**
**AVIZENT,**

Employer/Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**David L. Skinner, Workers' Compensation Judge**

Luis Angel Moreno Gonzalez
Albuquerque, NM

Pro Se Appellant

David M. Wertz
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

Luis Angel Moreno Gonzalez appeals an order suspending his workers' compensation benefits. In our notice of proposed summary disposition, we proposed

to affirm. Gonzalez has filed a memorandum in opposition, which this Court has duly considered. As we do not find Gonzalez's arguments persuasive, we affirm.

Gonzalez contends that the workers' compensation judge (WCJ) erred because Gonzalez wished to choose his own doctor, he wanted to be close to his family so that he could be taken care of after surgery, he has not been fully compensated, and he feels that someone has discriminated against him. [DS 25] In our notice of proposed summary disposition, we proposed to hold that Gonzalez had failed to demonstrate error on appeal. We pointed out that, to the degree that these claims of error related to the original compensation order awarding temporary total disability benefits, Gonzalez had not timely appealed that order. We stated that, to the degree that these claims of error related to the order suspending benefits, the factual and legal bases for the claims were not explained in Gonzalez's docketing statement. We indicated that in any memorandum in opposition Gonzalez wished to file, he should explain why Employer/Insurer sought to have his benefits suspended, what evidence and arguments in favor of suspension Employer/Insurer presented at the hearing, and what arguments Gonzalez made to the WCJ to explain why his benefits should not be suspended. In addition, we stated that Gonzalez should provide any legal authority that led him to believe that the suspension of his benefits was incorrect under the law.

Our notice of proposed summary disposition was filed on February 19, 2013, stating that Gonzalez's memorandum in opposition was due within twenty days. *See*

Rule 12-210(D)(3) NMRA (establishing the deadline for filing a memorandum in response to a notice of proposed summary disposition). Almost five months later, on July 16, 2013, Gonzalez filed his untimely memorandum in opposition. In it, he fails to provide the Court with the information it requested in its notice and which is necessary to evaluate Gonzalez's claim of error. Gonzalez's memorandum in opposition therefore fails to demonstrate that this Court's proposed summary disposition should not be made. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

Accordingly, for the reasons stated in this Opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**



_____

3

**MICHAEL E. VIGIL, Judge**